LEWIS BRISBOIS BISGAARD & SMITH LLP
JOHN L. BARBER, SB# 160317
  E-Mail: John.Barber@lewisbrisbois.com
LAURA J. ANSON, SB# 245052
  E-Mail: Laura.Anson@lewisbrisbois.com
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone: 714.545.9200
Facsimile: 714.850.1030

Attorneys for Defendant DEALER MARKETING SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| ROBERT LETTIS, an Individual;<br><br>Plaintiff,<br><br>vs.<br><br>DEALER MARKETING SERVICES, INC.; JOHN PALMER; DOES 1 Through 100;<br><br>Defendants. | CASE NO. 5:15–cv–00911–VAP–SP<br><br>[Hon. Virginia A. Phillips<br>Crtrm.: No. 2<br><br>**DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Trial Date:    None Set |

Defendant DEALER MARKETING SERVICES, INC. ("Defendant") by and through its counsel of record, hereby answers the factual allegations set forth in the Complaint filed by Plaintiff ROBERT LETTIS ("Plaintiff") as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each and every allegation contained therein.

2. In answer to Paragraph 2 of the Complaint, Defendant admits that it employed the Plaintiff. Except as expressly admitted herein, Defendant denies each and every allegation of Paragraph 2.

3. In answer to Paragraph 3 of the Complaint, Defendant admits that Defendant John Palmer is, and at all relevant times was, the President and Chief Executive Officer at DMS. Except as expressly admitted herein, Defendant denies each and every allegation of Paragraph 3.

4. In answer to Paragraph 4 of the Complaint, Defendant states that the paragraph contains no factual allegations, and therefore it requires no response.

5. In answer to Paragraph 5 of the Complaint, Defendant states that the paragraph contains no factual allegations, and therefore it requires no response.

6. In answer to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each and every allegation contained therein.

7. In answer to Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each and every allegation contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendant denies each and every allegation contained therein.

9. In answer to Paragraph 9 of the Complaint, Defendant denies each and every allegation contained therein.

10. In answer to Paragraph 10 of the Complaint, Defendant states that the paragraph contains no factual allegations, and therefore it requires no response.

11. In answer to Paragraph 11 of the Complaint, Defendant denies each and every allegation contained therein.

12. In answer to Paragraph 12 of the Complaint, Defendant denies each and every allegation contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant denies each and

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1 every allegation contained therein.

2 14. In answer to Paragraph 14 and subparts (a)-(d), Defendant denies each and every allegation contained therein.

4 15. In answer to Paragraph 15 of the Complaint, Defendant denies each and every allegation contained therein.

6 16. In answer to Paragraph 16 of the Complaint, Defendant denies each and every allegation contained therein.

8 17. In answer to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis deny each and every allegation contained therein.

11 18. In answer to Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to these allegations and on that basis denies each and every allegation contained therein.

14 19. In answer to Paragraph 19, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 19 are deemed to require a response, Defendant denies each and every allegation contained therein.

19 20. In answer to Paragraph 20, Defendant admits that Plaintiff was hired by DMS in December 2008 as President of the Pro-Credit Division of DMS. Except as expressly admitted herein, Defendant denies each and every allegation of Paragraph 20.

23 21. In answer to Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

25 22. In answer to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

27 23. In answer to Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29. In answer to Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies each and every allegation contained therein.

31. In answer to Paragraph 31 of the Complaint, Defendant denies each and every allegation contained therein.

32. In answer to Paragraph 32 and subparts (a) through (c) of the Complaint, Defendant denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. In answer to Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

37. In answer to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

38. In answer to Paragraph 38 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 37 as though stated fully herein.

39. In answer to Paragraph 39, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 39 are deemed to require a response, Defendant denies each and every allegation contained therein.

40. In answer to Paragraph 40 of the Complaint, Defendant denies each and every allegation contained therein.

41. In answer to Paragraph 41 and subparts (a) through (c) of the Complaint, Defendant denies each and every allegation contained therein.

42. In answer to Paragraph 42 of the Complaint, Defendant denies each and every allegation contained therein.

43. In answer to Paragraph 43 of the Complaint, Defendant denies each and every allegation contained therein.

44. In answer to Paragraph 44 of the Complaint, Defendant denies each and every allegation contained therein.

45. In answer to Paragraph 45 of the Complaint, Defendant denies each and every allegation contained therein.

46. In answer to Paragraph 46 of the Complaint, Defendant denies each and every allegation contained therein.

48. In answer to Paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

49. In answer to Paragraph 49 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 48 as though stated fully herein.

50. In answer to Paragraph 50, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 50

are deemed to require a response, Defendant denies each and every allegation contained therein.

51. In answer to Paragraph 51, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 51 are deemed to require a response, Defendant denies each and every allegation contained therein.

52. In answer to Paragraph 52 of the Complaint, Defendant denies each and every allegation contained therein.

53. In answer to Paragraph 53 of the Complaint, Defendant denies each and every allegation contained therein.

54. In answer to Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

55. In answer to Paragraph 55 of the Complaint, Defendant denies each and every allegation contained therein.

56. In answer to Paragraph 56 of the Complaint, Defendant denies each and every allegation contained therein.

57. In answer to Paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. In answer to Paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

59. In answer to Paragraph 49 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 58 as though stated fully herein.

60. In answer to Paragraph 60, Defendant states that the referenced law speaks for itself, the paragraph contains legal conclusions and no factual allegations, and therefore require no response. To the extent that any averments in Paragraph 60 are deemed to require a response, Defendant denies each and every allegation contained therein.

61. In answer to Paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

62. In answer to Paragraph 62 of the Complaint, Defendant denies each and every allegation contained therein.

63. In answer to Paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64. In answer to Paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65. In answer to Paragraph 65 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 64 as though stated fully herein.

66. In answer to Paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

67. In answer to Paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

68. In answer to Paragraph 68 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 67 as though stated fully herein.

69. In answer to Paragraph 69 of the Complaint, Defendant denies each and every allegation contained therein.

70. In answer to Paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71. In answer to Paragraph 71 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 71 as though stated fully herein.

72. In answer to Paragraph 72 of the Complaint, Defendant denies each and every allegation contained therein.

73. In answer to Paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74. In answer to Paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

75. In answer to Paragraph 75 of the Complaint, Defendant denies each and every allegation contained therein.

76. In answer to Paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

77. In answer to Paragraph 77 of the Complaint, Defendant denies each and every allegation contained therein.

78. In answer to Paragraph 78 of the Complaint, Defendant denies each and every allegation contained therein.

79. In answer to Paragraph 79 of the Complaint, Defendant denies each and every allegation contained therein.

80. In answer to Paragraph 80 of the Complaint, Defendant denies each and every allegation contained therein.

81. In answer to Paragraph 81 of the Complaint, Defendant denies each and every allegation contained therein.

82. In answer to Paragraph 82 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 81 as though stated fully herein.

83. In answer to Paragraph 83 of the Complaint, Defendant denies each and every allegation contained therein.

84. In answer to Paragraph 84 of the Complaint, Defendant denies each and every allegation contained therein.

85. In answer to Paragraph 85 and subparts (a) through (c( of the Complaint, Defendant denies each and every allegation contained therein.

86. In answer to Paragraph 86 of the Complaint, Defendant denies each and every allegation contained therein.

87. In answer to Paragraph 87 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 86 as though stated fully herein.

88. In answer to Paragraph 88 of the Complaint, Defendant denies each and every allegation contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

89. In answer to Paragraph 89 of the Complaint, Defendant denies each and every allegation contained therein.

90. In answer to Paragraph 90 of the Complaint, Defendant denies each and every allegation contained therein.

91. In answer to Paragraph 91 of the Complaint, Defendant denies each and every allegation contained therein.

92. In answer to Paragraph 92 of the Complaint, Defendant denies each and every allegation contained therein.

93. In answer to Paragraph 93 of the Complaint, Defendant denies each and every allegation contained therein.

94. In answer to Paragraph 94 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 93 as though stated fully herein.

95. In answer to Paragraph 95 of the Complaint, Defendant need not address Plaintiff's summary of the cause of action. To the extent that any averment in Paragraph 95 is deemed to require a response, Defendant denies each and every allegation of Paragraph 95.

96. In answer to Paragraph 96 and subpart (a) through (g) of the First Amended Complaint, Defendant need not address Plaintiff's summary of the cause of action. To the extent that any averment in Paragraph 95 is deemed to require a response, Defendant denies each and every allegation of Paragraph 96.

97. In answer to Paragraph 97 of the Complaint, Defendant denies each and every allegation contained therein.

98. In answer to Paragraph 98 of the Complaint, Defendant incorporates its responses to Paragraphs 1 through 97 as though stated fully herein.

99. In answer to Paragraph 99 of the Complaint, Defendant denies each and every allegation contained therein.

100. In answer to Paragraph 100 of the Complaint, Defendant denies each and every allegation contained therein.

4849-7138-4612.1

9

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

101. Defendant need not address Plaintiff's prayer for relief. To the extent that any averment in Plaintiff's prayer is deemed to require a response, Defendant denies each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint and each Cause of Action therein, should be dismissed for improper venue pursuant to 28 U.S.C. § 1406 (a).

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint and each Cause of Action therein, should be transferred based on improper venue pursuant to 28 U.S.C. § 1406 (a).

## THIRD AFFIRMATIVE DEFENSE

3. The Complaint and each Cause of Action therein, should be transferred based the convenience of the parties, the witnesses and in the interests of justice pursuant to 28 U.S.C. § 1406 (a).

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are completely or partially barred because the Defendants' acts and omissions were motivated by factors other than unlawful harassment or retaliation.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claim for Punitive Damages violates the Due Process and Excess of Fines clauses of the United States and California Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claims are barred, in whole or part, by the exclusive remedies provided by the California Worker's Compensation Act.

## SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims are barred, in whole or in part, to the extent he failed to timely exhaust all administrative remedies, including but not limited to the

exhaustion requirements set forth in California *Government Code* §12940 et seq. and/or Title VII.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's statutory claims are barred to the extent that any act complained of occurred more than one-year prior to his filing an administrative complaint with the California Department of Fair Employment & Housing.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's common law claims are barred to the extent that any act occurred more than two years prior to the filing of his civil complaint.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's claims are barred, in whole or in part, by the doctrine of avoidable consequences.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, by the doctrine of after acquired evidence.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims under the California Fair Employment & Housing Act are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims are barred, in whole or in part, because the alleged conduct of which Plaintiff complains, if committed, was made in good faith, honestly, without malice, in the exercise of business judgment and for legitimate and non-discriminatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

///



4849-7138-4612.1

11

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.  Plaintiff's claims are barred, in whole or in part, because Defendants' acts and omissions were motivated by factors other than unlawful harassment, retaliation or other illegal conduct and reasonable in response to a legitimate business necessity.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.  The Complaint and each Cause of Action therein, fail to state a claim upon which relief can be granted.

**SEVENTEENTH FFIRMATIVE DEFENSE**

17.  Plaintiff's claims under the California Fair Employment & Housing Act are barred because Defendant is not a covered employer under the California Fair Employment & Housing Act.

**EIGHTEENTH FFIRMATIVE DEFENSE**

18.  Plaintiff is precluded from any recovery because Defendant did not engage in any severe and/or pervasive conduct such that it altered the conditions of Plaintiff's employment to create a hostile working environment.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.  Neither the Complaint nor any purported cause of action therein alleges facts sufficient to state claims against Defendant John Palmer in his individual capacity.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.  Defendant is informed and believes and thereon alleges that Plaintiff's claims for "waiting time penalties" under the Labor Code for untimely payment of wages are barred because Defendants did not willfully or intentionally withhold payment of wages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21.  Defendant is informed and believe and thereon allege that Plaintiff's claims for unpaid wages is barred because Defendant timely paid all wages owed to

Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendant is informed and believe and thereon allege that Plaintiff's claims for emotional distress damages is barred because Defendant's conduct was not extreme or outrageous.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. For Defendants' costs of suit;
3. For Defendants' attorney's fees pursuant to the California Fair Employment & Housing Act; and
4. For such other and further relief as the Court may deem proper.

DATED: May 15, 2015            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
JOHN L. BARBER
LAURA J. ANSON
Attorneys for Defendant DEALER MARKETING SERVICES, INC.



4849-7138-4612.1

13

DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

# FEDERAL COURT PROOF OF SERVICE

*ROBERT LETTIS v. DEAL MARKETING SERVICES, INC., et al.* ≈ Case No. U.S.D.C., Central Case No. 5:15-cv-00911-VAP-SP

STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

At the time of service, I was over 18 years of age and not a party to the action. My business address is 650 Town Center Drive, Suite 1400, Costa Mesa, CA 92626. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On May 15, 2015, I served the following document(s): **DEFENDANT DEALER MARKETING SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Christopher B. Ellison, Esq.  
**THE LAW OFFICE OF ELLISON & ASSOCIATES**  *Attorney for Plaintiffs ROBERT LETTIS*  
8117 W. Manchester Ave., #158  
Playa Del Rey, California 90293  
Tel.: (310) 882-6239  
Fax: (310) 882-6237  
Email: cellison@eaalawfirm.com

The documents were served by the following means:

☐ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.



I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on May 15, 2015, at Costa Mesa, California.

_____
Jovina Gomez

